## KAISER STEEL CORP. *v.* W. S. RANCH CO.

No. 1328.   Decided June 3, 1968.

*J. R. Modrall* for petitioner.

*William R. Federici* for respondent.

*Boston E. Witt,* Attorney General, and *F. Harlan Flint,* Special Assistant Attorney General, filed a brief for the State of New Mexico on the relation of the New Mexico State Engineer, as *amicus curiae,* in support of the petition.

PER CURIAM.

Respondent brought this diversity suit in the United States District Court for the District of New Mexico, claiming an illegal trespass by petitioner and seeking damages and an injunction.   Petitioner admitted the alleged trespass but claimed it was authorized to do this by N. M. Stat. Ann. § 75–1–3 (1953), in order to use water rights it had been granted by the State.   Respondent contended that if § 75–1–3 were construed to authorize condemnation of private land to secure water for a private business, the law would violate the New Mexico Constitution, which permits the taking of private property only for "public use."   N. M. Const., Art. II, § 20. The crucial issue thus became the interpretation of the term "public use" in the State Constitution.   The District Court held that the property had been taken for a

public use, rejecting the suggestion in petitioner's brief that the action be stayed pending decision of the crucial question by the state courts. The Court of Appeals reversed on the merits, 388 F. 2d 257 (1967), and rejected petitioner's motion to stay the federal court's action until the state law issues could be settled in a declaratory judgment suit then pending in the state courts, 388 F. 2d, at 262 (1968) (on petition for rehearing).

The Court of Appeals erred in refusing to stay its hand. The state law issue which is crucial in this case is one of vital concern in the arid State of New Mexico, where water is one of the most valuable natural resources. The issue, moreover, is a truly novel one. The question will eventually have to be resolved by the New Mexico courts, and since a declaratory judgment action is actually pending there, in all likelihood that resolution will be forthcoming soon. Sound judicial administration requires that the parties in this case be given the benefit of the same rule of law which will apply to all other businesses and landowners concerned with the use of this vital state resource.

The writ of certiorari is granted, the judgment of the Court of Appeals is reversed, and the case is remanded with directions that the action be stayed in accordance with the prayer of petitioner. Federal jurisdiction will be retained in the District Court in order to insure a just disposition of this litigation should anything prevent a prompt state court determination.

*It is so ordered.*

Mr. Justice Brennan, whom Mr. Justice Douglas and Mr. Justice Marshall join, concurring.

I concur solely on the ground that this case presents one of the "narrowly limited 'special circumstances' " which justify the invocation of "[t]he judge-made doctrine of abstention," *Zwickler* v. *Koota,* 389 U. S. 241, 248.

The "special circumstances," as the Court states, arise from the fact that "[t]he state law issue which is crucial in this case is one of vital concern in the arid State of New Mexico, where water is one of the most valuable natural resources." Cf. *Alabama Public Service Comm'n* v. *Southern R. Co.,* 341 U. S. 341; *Burford* v. *Sun Oil Co.,* 319 U. S. 315; see *Zwickler* v. *Koota, supra,* at 249, n. 11. I adhere however to my view, expressed in dissent in *Louisiana Power & Light Co.* v. *City of Thibodaux,* 360 U. S. 25, 31, that in a diversity case abstention from decision of a state law question is improper in the absence of such "special circumstances."