**Salvatore J. CRISTINA, Plaintiff,**

v.

**DEPARTMENT OF STATE OF the STATE OF NEW YORK et al., Defendants.**

**No. 76 Civ. 1393.**

United States District Court, S. D. New York.

Aug. 13, 1976.

Gene Crescenzi, New York City, for plaintiff.

Louis J. Lefkowitz, Atty. Gen., State of New York, New York City, for defendants Dept. of State, Weiner and Nadler; A. Seth Greenwald, New York City, of counsel.

W. Bernard Richland, Corp. Counsel, New York City, for defendants Police Dept., Maloney and Luzzi; Joseph Halpern, Sidney

Bremer, Angelo Aiosa, New York City, of counsel.

## OPINION

ROBERT J. WARD, District Judge.

Defendants Police Department of the City of New York ("N.Y.C.P.D."), Officer Peter Maloney and Lt. Anthony Luzzi move to dismiss the complaint pursuant to Rule 12(b)(1), Fed.R.Civ.P., for lack of subject matter jurisdiction and pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted, or in the alternative, for summary judgment pursuant to Rule 56 on the latter ground. In addition, the movants assert that this Court should abstain from exercising jurisdiction.

Defendants Department of State of the State of New York, Investigator Dan Weiner and Investigator Murry Nadler similarly move for summary judgment pursuant to Rule 56, Fed.R.Civ.P., upon the grounds that the Court lacks subject matter jurisdiction, the complaint fails to state an actionable claim, and there is pending a state proceeding requiring abstention by this Court.

For the reasons hereinafter stated, the Courts finds that, although it has subject matter jurisdiction over plaintiff's claims, and therefore denies the portions of the motions seeking dismissal on this ground, it will abstain from exercising jurisdiction pending prompt state consideration of the issues. Inasmuch as the Court has concluded that it is appropriate to abstain, the portions of defendants' motions seeking to dismiss the complaint for failure to state an actionable claim, or alternatively, for summary judgment on that ground, are denied without prejudice.

Plaintiff Salvatore J. Cristina d/b/a Company Security Force ("Cristina") brings this action to challenge the cancellation by the Licensing Division of the N.Y.C.P.D. ("the Licensing Division") of his license to carry a pistol. Cristina was issued a license to carry a pistol in New York City by the Licensing Division on April 17, 1974. In support of his application for a city pistol license, plaintiff had submitted a copy of his license to operate a Watch Guard and Patrol Agency ("Guard Agency") issued by the Department of State of the State of New York ("Department of State") on October 19, 1973, alleging that he needed a pistol in order to provide Guard Agency services. On October 3, 1975, after an investigation and hearing, the Licensing Division cancelled Cristina's pistol license for "lack of need," finding that he had no active Guard Agency accounts aside from his own beverage and mail order jewelry businesses, which the investigator found did not require armed protection.

Plaintiff, however, argues that his possession of a state Guard Agency license automatically and continuously establishes the "need" requisite for a city pistol license. Moreover, he alleges that the procedures utilized in the revocation of his city pistol license and the subsequent investigation into his state Guard Agency license constitute a conspiracy to deprive him of his civil rights in violation of 42 U.S.C. § 1985 and of his alleged right to bear arms under the Second Amendment to the United States Constitution. He also alleges violations of the Fourteenth Amendment to the United States Constitution, because (1) as a result of a conspiracy by the defendants, his civil rights have been violated and his property has been taken from him without due process of law, in that, since the cancellation of his pistol license, he has been unable to engage in the Guard Agency business for which he has been licensed by the State of New York, and (2) the Department of State has deliberately fashioned a misleading license application whose sole purpose is to cause misstatements to be made by licensees which place them in jeopardy of losing their licenses.

Plaintiff charges defendant Lt. Luzzi with manipulating the tape recording of his September 4, 1975 hearing on need, thus misrepresenting Cristina's testimony and provoking the cancellation of his pistol license. Additionally, he charges that because of his challenge to the cancellation of his city pistol license, city and state officials conspired to deprive him of his state Guard

Agency license also, resulting in a hearing on April 26, 1976 concerning an alleged "material misstatement" on his state application.[1] Plaintiff states that at that hearing, N.Y.C.P.D. Sgt. Waldron admitted meeting with State Investigator Weiner and exchanging official papers; Investigator Weiner admitted meeting with Sgt. Waldron, denied "looking" at the papers, but admitted reading city transcripts; and State Investigator Nadler admitted meeting N.Y.C.P.D. Sgt. Daley and listening to tapes of the city hearing. Plaintiff also asserts that the actions of some or all of the defendants were arbitrary and capricious, were in furtherance of a conspiracy to interfere with his rights as a licensee of the State of New York and were in restraint of interstate commerce, violating the Sherman Act and the Clayton Act, 15 U.S.C. § 1, 15 U.S.C. §§ 12 *et seq.,* respectively.

■ 28 U.S.C. § 1343 provides the district courts with original jurisdiction to hear claims for damages under 42 U.S.C. § 1985.[2] 28 U.S.C. § 1331(a) also gives this Court jurisdiction to hear the federal questions raised in plaintiff's complaint since the enforcement of rights arising under the Constitution and laws of the United States is basic to the relief he seeks, and the claims he alleges are neither insubstantial nor frivolous. *Bell v. Hood,* 327 U.S. 678, 683, 66 S.Ct. 773, 90 L.Ed. 939 (1945); *Moore v. Central R. Co. of New Jersey,* 185 F.2d 369, 371 (2d Cir. 1950).[3]

■ The Court notes, without reaching the merits, that the fact that a wrong may have been suffered does not automatically insure entry into, and the granting of relief by, a federal court. The Supreme Court recently articulated factors relevant to a determination of the appropriate route to be taken by this court. In *Colorado River Water Conservation District, et al. v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483, 44 U.S.L.W. 4372, 4376–77 (March 24, 1976), while acknowledging that "Abstention from the exercise of federal jurisdiction is the exception, not the rule," Mr. Justice Brennan wrote for the court:

(a) Abstention is appropriate "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. [185] at 189, 79 S.Ct. [1060] at 1063, 3 L.Ed.2d [1163] at 1166 (1959). *See, e. g., Lake Carriers Assn. v. MacMullan,* 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972); *United Gas Pipeline Co. v. Ideal Cement Co.,* 369 U.S. 134, 82 S.Ct. 676, 7 L.Ed.2d 623 (1962); *Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). . . .

(b) Abstention is also appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result

1. On July 21, 1976, State Hearing Officer Harry J. Zahler rendered his decision, finding that although plaintiff improperly answered question 18a on the state application, in that he did not reveal that he had been "complained of to a [New Jersey] criminal court," the omission was not a "material misstatement," because the inclusion of that information would not have constituted grounds for denial of his license. Hearing Officer Zahler stated, however, that plaintiff signed the application with knowledge of the misstatement, which could be grounds for a finding that he is not trustworthy, but since the state did not make that charge in its complaint, no action would be taken. Thus, plaintiff retains his state Guard Agency license.

2. Because the Court finds jurisdiction based on plaintiff's § 1985 claim, it is not necessary to reach the question of subject matter jurisdiction under the Sherman and Clayton Acts. Also, as discussed *infra,* a determination by the state courts that receipt of a state Guard Agency license does, in fact, constitute "need" for a city pistol license would obviate the necessity for an inquiry into the applicability to state agencies of the Sherman and Clayton Acts.

3. Jurisdiction is not defeated by the possibility that the complaint might fail to state an actionable claim. That question must be decided after, and not before, the Court assumes jurisdiction. *Bell v. Hood, supra* 327 U.S. at 682, 66 S.Ct. 773; *Olson v. Board of Education of Union Free School District, Malverne, N. Y.,* 250 F.Supp. 1000, 1004 (E.D.N.Y.1966).

in the case then at bar. *Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959) . . . *See also Kaiser Steel Corp. v. W. S. Ranch Co.,* 391 U.S. 593, 88 S.Ct. 1753, 20 L.Ed.2d 835 (1968); *Hawks v. Hamill,* 288 U.S. 52, 53 S.Ct. 240, 77 L.Ed. 610 (1933). In some cases, however, the state question itself need not be determinative of state policy. It is enough that exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern. [citing *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943)] . . . .

(c) Finally, abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings, *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) . . . .

■ The third category, (c), of cases requiring abstention is not relevant to our discussion, but the first two do apply. Category (a) represents the traditional doctrine of abstention, "the Pullman doctrine," which mandates consideration of efficient alternatives to federal litigation, *i. e.,* state proceedings:

> If there was no warrant in state law for the Commission's assumption of authority there is an end of the litigation; the constitutional issue does not arise. The law of Texas appears to furnish easy and ample means for determining the Commission's authority. . . . Or, if there are difficulties in the way of this procedure of which we have not been apprised, the issue of state law may be settled by appropriate action on the part of the State to enforce obedience to the order. . . . In the absence of any showing that these obvious methods for securing a definitive ruling in the state courts cannot be pursued with full protection of the constitutional claim, the district court should exercise its wise discretion by staying its hands.

*Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 501, 61 S.Ct. 643, 645, 85 L.Ed. 971 (1941) (cites omitted).

■ Article 78, N.Y. CPLR (McKinney 1963) provides for review of N.Y.C.P.D. licensing decisions, and other New York statutes may also apply. Plaintiff has not asserted any facts to suggest that state court review would be unfair or biased or in any way deprive him of full protection of his constitutional claim. *See Gibson v. Berryhill,* 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973).

In *Reetz v. Bozanich,* 397 U.S. 82, 86–87, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970), the Supreme Court held that the District Court in Alaska should have abstained " . . . while the parties repaired to the state courts for a resolution of their state constitutional questions [because a] state court decision here . . . could conceivably avoid any [federal constitutional] decision . . . and would avoid any possible irritant in the federal-state relationship." The *Reetz* case is pertinent because at issue there was a law concerning salmon net gear fishing licenses, challenged because they limited licenses to a defined group of persons.

Similarly, plaintiff alleges that pistol licenses and Guard Agency licenses are restricted to retired policemen. Thus, the same principles which moved the court in *Reetz v. Bozanich, supra,* require this Court's abstention while plaintiff presents his claims in state court.

■ As *Railroad Comm'n of Texas v. Pullman, supra,* is the leading case for category (a) abstention, the Supreme Court in *Colorado River Water Conservation District, et al. v. United States, supra,* discussed *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) to illustrate the second category, (b), of cases requiring abstention.

> "In *Burford v. Sun Oil Co.,* for example, the Court held that a suit seeking review of the reasonableness under Texas state law of a state commission's permit to drill oil wells should have been dismissed by

the District Court. The reasonableness of the permit in that case was not of transcendent importance, but review of reasonableness by the federal courts in that and future cases, where the State had established its own elaborate review system for dealing with the geological complexities of oil and gas fields, would have had an impermissibly disruptive effect on state policy for the management of those fields, . . ."

424 U.S. at 814, 96 S.Ct. at 1245, 44 U.S.L.W. at 4376 (cites omitted).

Here, plaintiff is asking the federal court to review the reasonableness of the cancellation of a city pistol license as part of an inquiry into whether a conspiracy existed. The state has a review procedure to hear plaintiff's claim, and premature federal intervention could disrupt state attempts to reconcile state and city controls over firearms, clearly policies "of substantial public import." *See also, Alabama Public Service Commission v. Southern Railway Co.,* 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951).

*Burford v. Sun Oil Co., supra,* was cited by this Circuit in *Brown v. First National City Bank,* 503 F.2d 114 (2d Cir. 1974), a case reviewing a district court injunction against certain aspects of a bank "checking plus credit agreement." While the Court of Appeals did not reverse the lower court for failure to abstain, Judge Mansfield, writing for the Court, observed:

"While we recognize that abstention should be reserved for exceptional circumstances, . . . it would have been appropriate in this case, since the district court was dealing with part of a complicated regulatory statute intended to strike a balance between differing local interests." 503 F.2d at .117–118 (cites omitted).

This Court is presented with allegations of improper conduct of officials under state and city licensing statutes, *i. e.,* the New York Department of State issues guard agency licenses pursuant to Article 7, N.Y. General Business Law (McKinney 1968), and the Police Commissioner of the City of New York is vested by Articles 400.00 and 265.00, N.Y. Penal Law (McKinney 1967) with the authority to issue, renew, revoke and cancel licenses to carry and possess firearms within the City and State of New York, and he has delegated the actual performance of this function to the Licensing Division of the N.Y.C.P.D. Thus, a major issue is the balance of interests and power between the two government entities under those laws.

■ An additional factor which must be weighed in determining whether abstention is appropriate is the status of relevant state law.

Among the cases that call most insistently for abstention are those in which the federal constitutional challenge turns on a state statute, the meaning of which is unclear under state law. If the state courts would be likely to construe the statute in a fashion that would avoid the need for a federal constitutional ruling or otherwise significantly modify the federal claim, the argument for abstention is strong. . . . The same considerations apply where, as in this case, the uncertain status of local law stems from the unsettled relationship between the state constitution and a statute.

*Harris County Commissioners Court v. Moore,* 420 U.S. 77, 84, 95 S.Ct. 870, 875, 43 L.Ed.2d 32 (1975) (cites omitted) (footnote omitted).

The same considerations should apply here, where the uncertain status of the administration of state and city regulations stems, at least in part, from the unsettled relationship between the state and city schemes for the licensing of guard agencies and pistols, respectively. In this respect, the Court notes plaintiff's claim that the cancellation of his pistol license was a "test case" because no state guard agency licensee had ever had his city pistol license revoked for "lack of need." *See also, Lake Carriers' Assn. v. MacMullan,* 406 U.S. 498, 511, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972); *Brown v. First National City Bank, supra* at 118.

■ Although defendants Department of State, Weiner and Nadler assert that abstention is proper because there is a pend-

ing state administrative proceeding, plaintiff is correct in his contention that exhaustion of state remedies is not a prerequisite to maintenance of a claim under the Civil Rights Act, here 42 U.S.C. § 1985, when the state proceeding is neither criminal or quasi-criminal in nature nor otherwise within the *Younger v. Harris* doctrine. *McNeese v. Board of Education,* 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1973); *Tyson v. New York City Housing Authority,* 369 F.Supp. 513 (S.D.N.Y.1974).

■ It is equally true, however, that abstention does not depend upon a pending state action. There was no state action pending in either *Railroad Comm'n of Texas v. Pullman Co., supra* or *Burford v. Sun Oil Co., supra,* two of the leading Supreme Court cases on abstention. In the *Pullman* case, the Supreme Court directed the district court ". . . to retain the bill [but abstain from exercising its jurisdiction] pending a determination of proceedings, *to be brought* with reasonable promptness in the state court . . . ." 312 U.S. at 501–502, 61 S.Ct. at 646. (emphasis supplied). *See also, Reetz v. Bozanich, supra* at 87 ("[T]he federal court should have stayed its hand *while the parties repaired to the state courts* . . . ." (emphasis supplied)).

In *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959), the Supreme Court held that abstention was improper despite the presence of a pending state action. Rather, the court identified the dispositive factors as those delineated as categories (a) and (b) in *Colorado River Water Conservation District, et al. v. United States, supra,* and the uncertain status of difficult issues of state law. These vital factors have been discussed with regard to this case and clearly indicate the appropriateness, indeed the necessity, of abstention by this Court. *See also, Surowitz v. New York City Employees' Retirement System,* 376 F.Supp. 369, 376–77 (S.D.N.Y.1974).

The final issue for determination at this juncture, then, is whether to dismiss the action or to retain jurisdiction pending resolution of the issues to be presented in state court. The Supreme Court has indicated that,

It is better practice, in a case raising a federal constitutional or statutory claim, to retain jurisdiction, rather than to dismiss . . . . .

*Zwickler v. Koota,* 389 U.S. 241, 244, n. 4, 88 S.Ct. 391, 393, 19 L.Ed.2d 444 (1967).

■ Plaintiff has raised federal claims, the status of which has not yet been determined. Indeed, abstention in no way implies an opinion by this Court on either the merits of plaintiff's claims or their justiciability in federal court. *See also, England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 419–22, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), in which the Supreme Court advises parties how to protect themselves from a holding that introduction of their federal claims in state court precludes their return to the district court; *Harrison v. N.A.A.C.P.,* 360 U.S. 167, 177, 79 S.Ct. 1025, 1030, 3 L.Ed.2d 1152 (1959) ("[Abstention] does not, of course, involve the abdication of federal jurisdiction, but only the postponement of its exercise . . . ."); *Tonwal Realties, Inc. v. Beame,* 406 F.Supp. 363, 366 (S.D.N.Y.1976) and cases cited therein.

Accordingly, all proceedings herein are stayed pending determination of the issues "to be brought with reasonable promptness" in the appropriate state forum, and this case is placed on the suspense docket of the Court. The portions of the motions seeking abstention are granted and the portions of the motions seeking dismissal on the ground of lack of subject matter jurisdiction are denied. The balance of the motions are denied without prejudice to renewal in the event that the action is subsequently reactivated.

It is so ordered.