John R. FISHER, Jr., Plaintiff,

v.

BOARD OF SELECTMEN OF the TOWN OF NANTUCKET et al., Defendants.

Civ. A. No. 78–1234–C.

United States District Court, D. Massachusetts.

July 28, 1978.

Arthur I. Reade, Jr., Boston, Mass., for plaintiff.

Charles A. Goglia, Jr., Weston, Mass., for defendants.

## OPINION

CAFFREY, Chief Judge.

This is a complaint for declaratory judgment and injunctive relief brought by plaintiff, a citizen of Pennsylvania, against the members of the Board of Selectmen of the Town of Nantucket, individually and in their official capacities. The Nantucket building inspector is also a party defendant in his individual and official capacity. Plaintiff alleges that on November 21, 1977 he entered into a lease for certain land in Nantucket for use for moped rentals. He also alleges that he has an investment in excess of $35,000 in said business. A moped is alleged to be a motorized bicycle.

Plaintiff says that his place of business was opened for the rental of mopeds to the public on May 26, 1978 and that on May 30, 1978 he was served with a letter from Nor-

man W. Chaleki, who is both building inspector and zoning officer of the Town of Nantucket. The letter advised plaintiff that he needed a special permit to operate a garage for the storage, repair and servicing of motor vehicles, in default of which he was in violation of Nantucket Zoning By-Law IV–C. The letter further advised plaintiff that a special permit was needed by reasons of the requirements of Town of Nantucket Zoning By-Law IV–C–II–(12), which requires a special permit for "Rental or sale of bicycles, motorcycles, motorskooters, mopeds, and similar motorized transports or means of conveyances."

Plaintiff claims that the enforcement of this By-Law will violate a variety of rights secured to him by 42 U.S.C.A. §§ 1983 and 1985.

The Court took a view of plaintiff's premises as well as the premises of approximately half a dozen other businesses engaged in moped and bicycle renting on Nantucket, and then heard arguments of counsel with respect to the issuance of a temporary restraining order. The matter was also briefed by counsel and is presently before the Court on plaintiff's application for and defendants' opposition to the granting of injunctive relief.

During the view and during the oral argument held in the Superior Courthouse on Nantucket, no disclosure was made to the Court that John R. Fisher, Jr., the plaintiff herein, was not, in fact, the operator of a moped business. The true identity of the operator of the moped business became a part of the record of this case only when the Court received defendants' brief on July 13, 1978. Appended to that brief was a certified copy of the Articles of Organization of a Massachusetts corporation, Sea Trip Mopeds, Inc. From those corporate documents, it appears that John R. Fisher, Jr., is not an officer or director but John R. Fisher, III, is president, treasurer and a member of the board of directors of Sea Trip Mopeds, Inc. The other directors are Adrian Fisher, Andrew Fisher and Alison Beth Fisher, who also serves as clerk of the corporation. Also appended to defendants'

brief is a photostatic copy of a printed rental form made up to run between Sea Trip Mopeds, Inc., and individual members of the public who rent mopeds. From the foregoing, it is clear that the actual party in interest herein is a Massachusetts corporation, not John R. Fisher, Jr., whose only relationship to that corporation appears on the present state of the record to be the fact that he is the father of John R. Fisher, III, its president and treasurer.

At the hearing held in Nantucket, pleadings were made part of this record from three separate cases filed in the Superior Court for Nantucket by Burns Three, Inc., Alden's Bicycle Shop, Inc., and Nantucket Bike Shop, Inc., against the Board of Selectmen. These three corporations are competitors of Sea Trip Mopeds, Inc., and their cases raised the precise issue of state law involved in this case, *i. e.,* the validity of Section IV of the Nantucket Zoning By-Law. Also made a part of this record was an opinion of Judge Linscott handed down in *Burns Three, Inc.,* which opinion was also incorporated by reference in the ruling on *Alden's Bicycle Shop, Inc.* Briefly stated, Judge Linscott ruled that the Zoning By-Laws were valid and that moped operators could properly be required to obtain the special permit. It was stipulated that an appeal is now pending from Judge Linscott's ruling.

It is well-settled law in this Circuit and elsewhere that in order to obtain preliminary injunctive relief the plaintiff must establish a probability of success on the merits and the probability that he will suffer irreparable harm unless the injunction is granted. *See Garzaro v. University of Puerto Rico,* 575 F.2d 335 (1st Cir. 1978); *Tuxworth v. Froehlke,* 449 F.2d 763, 764 (1st Cir. 1971); *Automatic Radio Mfg. Co. v. Ford Motor Co.,* 390 F.2d 113, 115–16 (1st Cir.), *cert. denied,* 391 U.S. 914, 88 S.Ct. 1807, 20 L.Ed.2d 653 (1968). I rule that John R. Fisher, Jr., has not shown a reasonable probability of success on the merits in view of the disclosure that he is not the operator of the business of renting mopeds and in view of the fact that his claimed

denial of various and sundry rights appears to be without factual basis, in light of the disclosure that a Massachusetts corporation, not a resident of Pennsylvania, is the true operator of the moped business involved. I further rule that plaintiff has failed to prove irreparable harm. It is well-settled that harm which can be adequately compensated by money damages is not "irreparable." *See, e. g., Teledyne Industries, Inc. v. Windmere Products, Inc.,* 433 F.Supp. 710 (D.C.Fla.1977). Plaintiff's complaint and his supporting affidavits allege no injury which could not, if plaintiff subsequently prevailed on the merits in this case, be adequately redressed by monetary relief.

An additional reason why injunctive relief should not be granted is the fact that this appears to be a case which clearly can and will be ultimately resolved solely on the basis of the state court's decision of a controlling issue of state law. It is a classical case for abstention by a federal court until the pending litigation in related state court cases raising the identical issue is resolved. *See Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). I particularly note the Supreme Court's observation in *Pullman* that "[f]ew public interests have a higher claim upon the discretion of a federal chancellor than the avoidance of needless friction with state policies" particularly when that "policy relates to . . . the final authority of a state court to interpret doubtful regulatory laws of the state . . . ." *Id.* at 500, 61 S.Ct. at 645. *See also Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Kaiser Steel Corp. v. W. S. Ranch Company,* 391 U.S. 593, 88 S.Ct. 1753, 20 L.Ed.2d 835 (1968).

Accordingly, an Order will be entered denying the motion for a temporary restraining order.