**NAVAJO NATION, aka The Navajo Tribe of Indians, Plaintiff-Appellant,**

v.

**UNITED STATES of America, State of Arizona, Defendants-Appellees.**

Nos. 80-5471, 80-5837.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 1981.

Decided Feb. 24, 1982.

Simon H. Rifkind, New York City, argued, for plaintiff-appellant; Mark H. Alcott, Marvin Wexler, Paul Weissman, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, George Vlassis, Katherine Ott, Vlassis & Ott, Phoenix, Ariz., on brief.

Russell A. Kolsrud, Asst. Atty. Gen., Phoenix, Ariz., for State of Ariz.

Jerry Jackson, Thomas Pacheco, Dept. of Justice, Washington, D. C., for U. S.

Geoffrey L. Graybill, Deputy Atty. Gen., Sacramento, Cal., for State of Cal. and its Atty. Gen.

Jeanne S. Whiteing, John E. Echohawk, Boulder, Colo., Calvin Wilson, Busby, Mont., for Cheyenne Tribe.

R. Anthony Rogers, John Michael Facciola, Glenn P. Sugameli, Wilkinson, Cragun & Barker, Washington, D. C., Thomas J. Lynaugh, Lynaugh, Fitzgerald, Schoppert & Skaggs, Billings, Mont., for Crow Tribe and The Confederated Salish & Kootenai Tribes.

Reid Peyton Chambers, Sonosky, Chambers & Sachse, Washington, D. C., for Assiniboine and Sioux Tribes, intervenors.

Steven L. Bunch, Montana Legal Services Ass'n, Helena, Mont., for Bowen.

Helena S. Maclay, Deirdre Boggs, Bruce McEvoy, Missoula, Mont., Bert W. Kronmiller, James E. Seykora, Douglas Y. Freeman, Hardin, Mont., for State of Mont.

Cale Crowley, Crowley, Haughey, Hanson, Gallagher & Toole, Maurice R. Colberg, Jr., Hibbs, Sweeney, Colberg, Jensen & Koessler, Billings, Mont., for numerous defendants-appellees.

Before MERRILL, CHOY and FERGUSON, Circuit Judges.

CHOY, Circuit Judge:

Appellant Navajo Nation appeals the district court's order staying its federal action. We reverse.[1]

## I. Facts

The Navajo Nation brought this action under 28 U.S.C. § 1362 seeking a declaration of the tribe's rights to the Little Colo-

---

1. This case was argued together with the cases decided in the consolidated opinion in *San Car-* *los Apache Tribe v. Arizona,* 668 F.2d 1093 (9th Cir. 1982).

rado River under its treaties with the United States and various federal statutes and orders.

The State of Arizona moved to dismiss the complaint for a lack of federal jurisdiction, arguing that the Navajo's claims should be decided as part of the state proceeding concerning the Little Colorado pursuant to the Supreme Court's decision in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (*Akin*).[2]

The district court (Cordova, J.) denied Arizona's motion to dismiss, thereby recognizing that it had jurisdiction over the claim and that the amended complaint stated a good cause of action. At the same time, however, the district court, *sua sponte*, entered an order staying the federal action pending the trial and determination by the State Court of Arizona of the rights of claimants.

Appellant filed a notice of appeal on June 12, 1980, more than 30 days after entry of the stay. Appellant later asked the district court to certify the stay order for immediate appeal pursuant to 28 U.S.C. § 1292(b). On October 30, this court issued an order permitting appellant's § 1292(b) appeal and consolidating it with the § 1291 appeal and authorized the panel to reconsider appellees' motion to dismiss the petition and the appeal.

II. *Issues*

1. Is this appeal properly before this court?

2. Did the district court err in staying the action?

III. *Analysis*

A. *Appealability of District Court Stay*

Arizona contends that this appeal is not properly before this court, arguing that the appeal was not timely filed and in addition that a stay is not an appealable order. The Navajo's § 1291 direct appeal was filed beyond the usual 30-day period but within the 60-day period for cases where the United States is a party. Arizona argues that the United States was never served with process and therefore the 60-day appeal period is inapplicable. Appellant disputes this and offers to provide proof of service. However, this issue is largely unimportant because on August 19, 1980, the district court (Hardy, J.) certified the stay order for immediate appeal under 28 U.S.C. § 1292(b) on the ground that the stay order "involves a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal ... may materially advance the ultimate termination of the litigation."

Section 1292(b) provides in relevant part:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

On October 30, 1980, the Ninth Circuit granted the petition for permission to appeal under § 1292(b).

This court also ordered appellee's motion to dismiss the appeal as untimely denied without prejudice to appellee's raising, under 28 U.S.C. § 1291, the underlying jurisdictional issue before this panel. This court ordered the § 1291 appeal consolidated with the § 1292(b) appeal.

The issue of whether the appeal under § 1291 is proper is largely irrelevant at this time as the district court order is properly before the court as a § 1292(b) appeal.

---

2. For a detailed discussion of the *Akin* decision and Indian water rights in general, see the companion cases of *San Carlos Apache Tribe v. Arizona*, 668 F.2d 1093 (9th Cir. 1982), and *Northern Cheyenne Tribe v. Adsit*, 668 F.2d 1080 (9th Cir. 1982).

B. *State Court Jurisdiction*

The district court stayed the federal action "pending the trial and determination by the State Court of Arizona of the rights of claimants, over which it has jurisdiction, to the water of the Little Colorado Watershed." The district court did not state its reasons for staying the federal action nor cite any authority for its action.

Our holding in *San Carlos Apache Tribe v. Arizona*, 668 F.2d 1093 (9th Cir. filed February 23, 1982), that Arizona has disclaimed jurisdiction over the Indians' water rights compels us to reverse the district court's holding that the state court has jurisdiction over the Indian claims.

C. *Other Issues*

Because of our holding on the disclaimer issue we find it unnecessary to reach any of the other issues raised by the parties.

IV. *Conclusion*

This appeal is properly before this court pursuant to 28 U.S.C. § 1292(b). The order of the district court is REVERSED.

REVERSED and REMANDED.

MERRILL, Circuit Judge, dissenting:

I dissent for the reasons set forth in my dissents in *Northern Cheyenne Tribe v. Adsit* 668 F.2d 1090 (9th Cir. 1982) and *San Carlos Apache Tribe v. Arizona*, 668 F.2d 1098 (9th Cir. 1982). In this case Navajo Nation does not seek a general stream adjudication. For the reasons set forth in my dissent in *San Carlos Apache Tribe* I would remand with instructions that the suit be dismissed.