721 F.2d 1187
 The NORTHERN CHEYENNE TRIBE OF the NORTHERN CHEYENNE INDIAN
RESERVATION, Plaintiff-Appellant,
v.
Thomas Ralph ADSIT, et al., Defendants-Appellees.
SAN CARLOS APACHE TRIBE OF ARIZONA, Plaintiff-Appellant,
v.
The STATE OF ARIZONA, et al., Defendants-Appellees.
NAVAJO NATION, Plaintiff-Appellant,
v.
UNITED STATES of America, et al., Defendants-Appellees.
 Nos. 79-4887, 80-3028, 80-3032, 80-3038, 80-3040, 80-3041,
80-3042, 80-3044, 80-3045, 80-3061, 80-3062,
80-3063, 80-5137, 80-5138, 80-5189,
80-5219, 80-5471 and 80-5837.
 United States Court of Appeals,
Ninth Circuit.
 Dec. 9, 1983.
 
 Thomas H. Pacheco, Dept. of Justice, Washington, D.C., for U.S.
 Jeanne S. Whiteing, John E. Echohawk, Boulder, Colo., Calvin Wilson, Busby, Mont., for Cheyenne Tribe.
 R. Anthony Rogers, John Michael Facciola, Glenn P. Sugameli, Wilkinson, Cragun & Barker, Washington, D.C., Thomas J. Lynaugh, Lynaugh, Fitzgerald, Schoppert & Skaggs, Billings, Mont., for Crow Tribe and The Confederated Salish & Kootenai Tribes.
 Reid Peyton Chambers, Sonosky, Chambers & Sachse, Washington, D.C., for Assiniboine and Sioux Tribes, intervenors.
 Steven L. Bunch, Montana Legal Services Ass'n, Helena, Mont., for Bowen.
 Helena S. Maclay, Deirdre Boggs, Missoula, Mont., Bruce McEvoy, Kalispell, Mont., Bert W. Kronmiller, James E. Seykora, Douglas Y. Freeman, Hardin, Mont., for State of Mont.
 Cale Crowley, Crowley, Haughey, Hanson, Gallagher & Toole, Maurice R. Colberg, Jr., Hibbs, Sweeney, Colberg, Jensen & Koessler, Billings, Mont., for numerous defendants-appellees.
 Appeal from the United States District Court for the District of Montana.
 Appeal from the United States District Court for the District of Arizona.
 Before MERRILL, CHOY and FERGUSON, Circuit Judges.
 
 
 1
 These appeals are here on remand from the Supreme Court, Arizona v. San Carlos Apache Tribe, --- U.S. ----, 103 S.Ct. 3201, 77 L.Ed.2d 837 (1983), in which the Court reversed our judgments in Northern Cheyenne Tribe v. Adsit, 668 F.2d 1080 (9th Cir.1982), San Carlos Apache Tribe v. Arizona, 668 F.2d 1093 (9th Cir.1982), and Navajo Nation v. United States, 668 F.2d 1100 (9th Cir.1982). After we issued a decision on remand, 713 F.2d 502, affirming the judgments of the district courts, 484 F.Supp. 31, and 484 F.Supp. 778, several parties petitioned for rehearing. We then requested the parties to present their views as to the course this court should follow on remand. We now grant the petition for rehearing and withdraw our original decision on remand.
 
 
 2
 A number of appellees have urged that we affirm the judgments appealed from, which would result in dismissal, albeit without prejudice, of most of the actions. We believe that course unwise. As some of the Tribes have pointed out, many thousands of parties defendant already have been served in the federal actions. We think that the federal suits are "well enough along [so that] dismissal would itself constitute a waste of judicial resources and an invitation to duplicative effort." 103 S.Ct. at 3215 (citations omitted). A stay of the federal actions would be preferable to a dismissal here so the federal forum would most readily be available if warranted by a "significant change of circumstances" such as that referred to in note 21 of the Court's opinion. See Kaiser Steel Corp. v. W.S. Ranch Co., 391 U.S. 593, 594, 88 S.Ct. 1753, 1754, 20 L.Ed.2d 835 (1968).
 
 
 3
 Many of the Tribes have argued that this litigation would proceed most expeditiously if we resolved at the appellate level two threshold questions: whether the state courts have jurisdiction under state law, and whether the state proceedings are "adequate" to adjudicate water rights, see 103 S.Ct. at 3215. We do not agree.
 
 
 4
 The question of jurisdiction under state law is one to be definitively resolved by the state courts, as the Supreme Court has held. Id. at 3210; see also id. at 3215 n. 21 (contemplating a state court ruling on the jurisdictional question). Any state court desiring to adjudicate Indian water rights would of necessity rule on its jurisdiction to do so; there is thus no need for us, or the district court, to reach that issue. Moreover, the question of adequacy of the state proceedings is one best decided by the state courts in the first instance. This course of action seems to be what the Court contemplated when it stated, "State courts, as much as federal courts, have a solemn obligation to follow federal law. Moreover, any state court decision alleged to abridge Indian water rights protected by federal law can expect to receive ... a particularized and exacting scrutiny...." Id. at 3216. We therefore will not consider the question of adequacy prior to conclusion of the state court proceedings, and we instruct the district courts to do the same.
 
 
 5
 The judgments of the district courts are VACATED and the causes REMANDED for further proceedings consistent with this order and with the opinion of the Supreme Court. The district courts are instructed to stay proceedings there until the state court proceedings have been concluded.