CENTRAL CARTAGE CO., a Michigan corporation, and Detroit International Bridge Company, a Michigan corporation, Plaintiffs,

v.

HER MAJESTY THE QUEEN IN RIGHT OF CANADA, Defendant.

Civ. No. 80–74786.

United States District Court,
E.D. Michigan, S.D.

Dec. 22, 1983.

Patrick A. Moran of Simpson & Moran, Birmingham, Mich., for plaintiffs.

Richard Rohr and George Kemsley of Bodman, Longley & Dahling, Detroit, Mich., for defendant.

## MEMORANDUM *

COHN, District Judge.

Plaintiffs in their complaint, twice amended, claim that defendant has wrongfully prohibited them from selling their in-

---

\* This is a revision of Court's bench opinion of December 12, 1983.

terests in the Ambassador Bridge which links the United States and Canada at Detroit. More particularly, plaintiffs allege that the order-in-council of March 13, 1980, which concludes that the transfer of the capital stock of The Canadian Transit Company which owns the Canadian half of the bridge is not of significant benefit to Canada under its Foreign Investment Review Act, amounts to an expropriation of their property without payment of compensation. The Canadian Transit Company is a wholly owned subsidiary of Detroit International Bridge Company which owns the United States' half of the bridge.

Defendant has moved to dismiss the complaint on a variety of grounds including the ground that this action is not ripe for review under the case or controversy requirements of Article III of the Constitution. Magistrate Steven Rhodes to whom the motion was referred recommends that the motion be granted. (Magistrate's Report and Recommendation of November 8, 1983). In his report, Magistrate Rhodes says:

"This Court ought not decide that Canada, our nearest neighbor and closest friend, has violated international law by taking the Ambassador Bridge without compensation, as the plaintiffs contend in this case, until all Canadian judicial proceedings on that issue are resolved."

Plaintiffs object to the recommendation on the grounds there are factual errors in Magistrate Rhodes' report; they are entitled to discovery; they have suffered a present injury because of the limited relief they can obtain in the Federal Court of Canada under Canadian law; and, if this Court finds abstention appropriate, it should order a stay of the proceedings rather than dismissal of the action.

The Court has reviewed Magistrate Rhodes' report and recommendation in light of plaintiffs' objections. The objections do not persuade the Court that the conclusion reached by the magistrate is in error. Accordingly, this action will be dismissed without prejudice for the reasons stated in Magistrate Rhodes' Report and for the reasons which follow.

■ Magistrate Rhodes found that this action is not ripe for review because proceedings currently pending in the Federal Court in Canada may afford plaintiffs complete relief, and should it subsequently be determined that plaintiffs are entitled to damages because of the action taken by defendant, any award can fully and fairly reflect the delay in the adjudication of plaintiffs' claims. Whatever factual errors there are in Magistrate Rhodes' report are not material to this conclusion. Nothing plaintiffs develop in discovery can accelerate the determination of the Federal Court in Canada before whom plaintiffs are challenging the order-in-council. The salutary effect of avoiding unnecessary constitutional determinations and confrontations between the judiciary and other branches of our government is equally applicable where a foreign government is involved. This is a consideration to be accorded great weight when determining ripeness. "When the central event remains contingent ... reluctance to decide may well control", 13 Wright, Miller, and Cooper, *Federal Practice and Procedure*, Section 3532 at page 258 (1975).

■ Magistrate Rhodes' review led him to conclude that there is a substantial question as to whether the defendant will prevail in the pending proceedings in the Federal Court in Canada. If plaintiffs prevail there, the claims they make here may be moot. Magistrate Rhodes also concluded that even if plaintiffs lose in the Federal Court of Canada there is the possibility they may be entitled to compensation for their loss. These are certainly questions better answered in the first instance by the Federal Court of Canada. It would be presumptuous for a United States Court to attempt to assess which side has the better of the question under Canadian law. Moreover, so long as the proceedings are pending, it is also irrelevant.

Nothing said by plaintiffs in their objections suggests any error in Magistrate Rhodes' analysis. The conclusions reached by Magistrate Rhodes are reinforced by the proceedings in the Federal Court of Canada

subsequent to his report. These proceedings are described in defendant's response to the plaintiffs' objections. From all that the Court can see, plaintiffs are vigorously contesting the order-in-council and its effect on their ownership of the capital stock of The Canadian Transit Company in the Canadian proceedings. The Court finds nothing in the papers filed to suggest that plaintiffs will not get a full and fair hearing on the totality of their claims in the Federal Court of Canada.

Plaintiffs' citation to *Bantam Books v. Sullivan*, 372 U.S. 58, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963) as supporting their claim of a present injury is inapposite. In *Bantam Books* a group of publishers were challenging the creation by the State of Rhode Island of an obscenity commission which went about distributing lists of books it considered obscene. The lists had the effect of impairing the sale of the books. The state argued that the publishers were not injured because only the distributors were targets of the lists and were discouraged from selling the books. The Supreme Court found that the direct and obviously intended result of the commission's activities was to curtail circulation of the books in Rhode Island. Under these circumstances, the Supreme Court found the publishers were suffering a real injury which was ripe for review. Further, the Supreme Court found that because of the minor economic injury to the distributors, as compared to the economic injury to the publishers, the only way the First Amendment infringement could be remedied was to allow the publishers to sue.

In this case, as described, plaintiffs are pursuing a remedy for the wrongs they allege in the Federal Court of Canada and that court's decision may moot the claims here. The fact of the proceedings does not constitute a legal injury.

■ The judicially created doctrine of abstention, first fashioned in Justice Frankfurter's opinion in *Railroad Commission of Texas v. Pullman Company*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), offers an additional reason for this Court to avoid adjudication of plaintiffs' claim at this time. In *Pullman* the Supreme Court directed federal courts to avoid constitutional challenges to state legislation which posed "special circumstances". It said that where a state statute, yet to be construed by a state court, was susceptible of a construction that would avoid a constitutional infirmity, a federal court should stay its hand in favor of a state court determination in the first instance. The same considerations should apply when a federal court in the United States is asked to declare a foreign sovereign's action to be in violation of international law, as is the case here. See *Kaiser Steel Corporation v. W.S. Rand Company*, 391 U.S. 593, 88 S.Ct. 1753, 20 L.Ed.2d 835 (1968).

The considerations which apply when the act of state doctrine is invoked also apply here. That doctrine says that, as a matter of policy, our courts should refrain from adjudicating the legality of the acts of a foreign sovereign which might embarrass the executive branch of the United States. See *Alfred Dunhill of London, Inc. v. Republic of Cuba*, 425 U.S. 682, 96 S.Ct. 1854, 48 L.Ed.2d 301 (1976). Until the litigation in the Federal Court of Canada has run its course and plaintiffs' rights are finally adjudicated under Canadian law, there is no way for this Court to fully understand the implications of this action and the relief requested. There is no merit in plaintiffs' argument that the act of state doctrine does not apply because of the "commercial nature" of defendant's objectives. This begs the question.

Were this a purely domestic controversy, the practice ordinarily followed in abstention of staying proceedings would be in order. Having regard for the particular circumstances of this case, however, dismissal is the more appropriate course to follow. When and if the proceedings in the Federal Court of Canada are determined adversely to plaintiffs will be the time for a United States court to determine what rights, if any, plaintiffs may have with regard to the diminishment or elimination of their ownership of the Canadian half of the Ambassador Bridge.

This case will be dismissed without prejudice. The defendant shall present an appropriate order.