SAN CARLOS APACHE TRIBE, a federally recognized Indian tribe; Velasquez Sneezy, Sr.; Elliott Talgo, Sr.; Paul Nosie, Jr.;, Plaintiffs—Appellants,

Gila River Indian Community,
Intervenor—Appellee,

v.

UNITED STATES of America; United States Department of the Interior; San Carlos Irrigation & Drainage District; Neil McCaleb, Director of the Bureau of Indian Affairs; Gail Norton, Secretary of the U.S. Department of the Interior; Steven A. Williams, Defendants—Appellees.

No. 03–16874.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 17,
2005 Phoenix, Arizona.

Decided Aug. 9, 2005.

Joe P. Sparks, Esq., John H. Ryley, Susan B. Montgomery, Sparks, Tehan and Ryley, P.C., Scottsdale, AZ; and Rodney B. Lewis, Esq., Gila River Indian Community Pima–Maricopa Tribe Law Office, Sacaton, AZ, for Plaintiffs—Appellants.

John T. Hestand, Office of Water Rights, Chandler, AZ; Susan L. Pacholski, Esq., Jason T. Cohen, Esq., DOJ—U.S. Department of Justice, Patrick Barry, Environment & Natural Resources Division, Washington, DC; Don B. Overall, USTU—Office of the U.S. Attorney, Tucson, AZ; and Riney B. Salmon, II, Esq., Salmon, Lewis and Weldon, P.L.C., Phoenix, AZ, for Defendants—Appellees.

Before: HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

### MEMORANDUM *

The San Carlos Apache Tribe ("Tribe") seeks to enjoin the United States from

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

releasing any additional water from the San Carlos Reservoir ("Lake"), except for 10 cubic feet per second, until there is a minimum pool of 75,000 acre-feet of water in the Lake. The district court granted summary judgment to the United States on some claims and dismissed the rest, prompting this appeal.[1]

We review de novo a district court's grant of summary judgment. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir.2005). We affirm the district court's grant of summary judgment on the Tribe's claims under Section 9 of the Endangered Species Act, 16 U.S.C. § 1531 *et seq.*. Although the record is voluminous, the bulk of the evidence does not bear on the need to prevent the Lake from being drained below 75,000 acre-feet, but rather discusses the effect of draining the Lake to other levels or to some unknown level. We hold the Tribe has not established a genuine issue of material fact on the relevant question, whether a minimum pool at the specific level of 75,000 acre-feet is necessary to prevent a take of the bald eagle, willow flycatcher, and razorback sucker.

We also affirm the district court's grant of summary judgment on the Tribe's claim under the Native American Graves Protection and Repatriation Act, 25 U.S.C. § 3001 *et seq.* ("NAGPRA"). The Tribe raises no genuine issue of material fact that the government has triggered NAGPRA by inadvertently discovering human remains or other items receiving protection under NAGPRA.

For the reasons stated by the district court, we affirm the district court's dismissal of the Tribe's claims for breach of trust and common law nuisance.

AFFIRMED.

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

**1.** We address in a concurrently-filed published opinion the Tribe's claim under § 106 of the National Historic Preservation Act, 16

U.S.C. §§ 470 *et seq.* *San Carlos v. United States,* 417 F.3d 1091 (9th Cir.2005).

