134 P.3d 375

## In re The GENERAL ADJUDICATION OF ALL RIGHTS TO USE WATER IN the GILA RIVER SYSTEM AND SOURCE.

No. WC–02–0003–IR.

Supreme Court of Arizona,
En Banc.

May 3, 2006.

### ORDER DENYING MOTION FOR RECONSIDERATION

ANDREW D. HURWITZ, Justice.

¶ 1 We issued our opinion in this matter on February 9, 2006. *In re the General Adjudication of All Rights to Use Water in the Gila River System & Source*, 212 Ariz. 64, 127 P.3d 882 (2006). On February 27, 2006, the San Carlos Apache Tribe ("Tribe") filed a motion for reconsideration. That motion was untimely under ARCAP 22(b).[1] We have nonetheless decided to suspend the time limits in ARCAP 22(b) and consider the merits of the motion. See ARCAP 3 (providing that an appellate court may "suspend the requirements or provisions of any of these rules in a particular case" and that "[t]hese rules shall be liberally construed in the furtherance of justice").

¶ 2 The motion for reconsideration is directed only to that portion of our opinion discussing the Tribe's claims that the Globe Equity Decree ("Decree") should be given no preclusive effect because of the United States' allegedly inadequate representation of the Tribe. *Gila River System*, 212 Ariz. at 79 ¶¶ 56–73, 127 P.3d at 897–901. We declined under the doctrine of comity to consider that claim. *Id.* at 81–83 ¶¶ 64–73, 127 P.3d at 899–901. The Tribe now argues that the doctrine of comity is inapplicable because the Globe Equity court lacked jurisdiction to consider a challenge to the Decree based upon inadequate representation by the United States. In particular, the Tribe argues that the federal district court was deprived of such jurisdiction by the McCarran Amendment, 66 Stat. 560, 43 U.S.C. § 666 (1952), and by the opinion of the Ninth Circuit in *Northern Cheyenne Tribe v. Adsit*, 721 F.2d 1187 (9th Cir.1983).

---

1. A motion for reconsideration must be filed "within fifteen days after the filing of a decision by the appellate court." ARCAP 22(b). Because this Court issued its opinion on February 9, the last day to file a motion was February 24. The

Tribe's motion was apparently mailed to the clerk of this Court on February 24, but ARCAP 4(a) provides that only briefs and appendices, not motions, are considered filed on the day of mailing.

## I.

¶ 3 The McCarran Amendment provides in relevant part that, notwithstanding sovereign immunity, the United States may be joined as a party in state court general water adjudications and bound by the judgments of state courts. 43 U.S.C. § 666(a).[2] The Supreme Court of the United States has made plain, however, that the Amendment merely gave "consent to jurisdiction in the state courts concurrent with jurisdiction in the federal courts over controversies involving federal rights to the use of water," *Colorado River Water Conservation District v. United States ("Colorado River")*, 424 U.S. 800, 809, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and "in no way diminished federal-district-court jurisdiction," *id.*

¶ 4 *Colorado River*, while rejecting the notion that the McCarran Amendment deprived federal courts of jurisdiction in general stream adjudications, also held that under the circumstances of the controversy before it, the district court should have dismissed the case to allow a Colorado state general stream adjudication to proceed. *Id.* at 817–20, 96 S.Ct. 1236. That holding received extensive attention in an action commenced by the San Carlos Apache Tribe in 1979 in the United States District Court for the District of Arizona (the "San Carlos federal litigation"). The Tribe's complaint sought an adjudication of its federal water rights in several water systems.[3]

¶ 5 The district court dismissed the San Carlos federal litigation, relying upon *Colorado River* and the pendency of various Arizona state court general stream adjudications. *In re Determination of Conflicting Rights to Use of Water from Salt River Above Granite Reef Dam*, 484 F.Supp. 778 (D.Ariz.1980). The Ninth Circuit reversed. *San Carlos Apache Tribe of Ariz. v. Arizona*, 668 F.2d 1093 (9th Cir.1982). The Supreme Court granted certiorari and in turn reversed the Ninth Circuit. *Arizona v. San Carlos Apache Tribe of Arizona ("San Carlos")*, 463 U.S. 545, 103 S.Ct. 3201, 77 L.Ed.2d 837 (1983).

¶ 6 *San Carlos* began from the premise that "*Colorado River*, of course, does not require that a federal water suit must always be dismissed or stayed in deference to a concurrent and adequate comprehensive state adjudication." *Id.* at 569, 103 S.Ct. 3201. The Court, however, found that a number of factors counseled against the district court proceeding with the San Carlos federal litigation, particularly the relative infancy of the federal litigation, which had not proceeded beyond the motion to dismiss stage. *Id.* at 570–71, 103 S.Ct. 3201. The Court left open the question of whether the San Carlos federal litigation should be stayed pending the Arizona general stream adjudications or dismissed without prejudice. *Id.* at 570 n. 21, 103 S.Ct. 3201.

---

2. The McCarran Amendment, also called the McCarran Water Rights Suit Act, provides:

   (a) Joinder of United States as defendant; costs Consent is given to join the United States as a defendant in any suit (1) for the adjudication of rights to the use of water of a river system or other source, or (2) for the administration of such rights, where it appears that the United States is the owner of or is in the process of acquiring water rights by appropriation under State law, by purchase, by exchange, or otherwise, and the United States is a necessary party to such suit. The United States, when a party to any such suit, shall (1) be deemed to have waived any right to plead that the State laws are inapplicable or that the United States is not amenable thereto by reason of its sovereignty, and (2) shall be subject to the judgments, orders, and decrees of the court having jurisdiction, and may obtain review thereof, in the same manner and to the same extent as a private individual under like

   circumstances: *Provided*, That no judgment for costs shall be entered against the United States in any such suit.
   (b) Service of summons
   Summons or other process in any such suit shall be served upon the Attorney General or his designated representative.
   (c) Joinder in suits involving use of interstate streams by State
   Nothing in this section shall be construed as authorizing the joinder of the United States in any suit or controversy in the Supreme Court of the United States involving the right of States to the use of the water of any interstate stream.
   43 U.S.C. § 666.

3. The San Carlos federal litigation was a distinct suit seeking a determination of the Tribe's water rights under federal law, not an action seeking to amend the Globe Equity Decree and not an "independent action" under Rule 60(b) requesting relief from the Decree.

¶ 7 On remand, the Ninth Circuit determined that the San Carlos federal litigation was

> "well enough along so that dismissal would itself constitute a waste of judicial resources and an invitation to duplicative effort." A stay of the federal action[ ] would be preferable to a dismissal here so the federal forum would most readily be available if warranted by a "significant change of circumstances."

*Northern Cheyenne Tribe,*[4] 721 F.2d at 1188(quoting *San Carlos,* 463 U.S. at 569, 570 n. 21, 103 S.Ct. 3201) (internal citation and alteration omitted). The court therefore ordered the San Carlos federal litigation be stayed. *Id.* at 1189.

## II.

■ ¶ 8 The Tribe's motion for reconsideration argues that the McCarran Amendment and the Ninth Circuit stay of the San Carlos federal litigation deprive the district court of the ability to consider any attack on the Globe Equity Decree because of alleged ineffective representation by the United States. The argument does not withstand analysis.

¶ 9 The McCarran Amendment did not itself deprive the Globe Equity court of jurisdiction to enforce and interpret the 1935 consent decree. *Colorado River* and *San Carlos* each stress that the Amendment *confers* state court jurisdiction, rather than *withdrawing* federal jurisdiction. *See San Carlos,* 463 U.S. at 559–60, 570–71, 103 S.Ct. 3201; *Colorado River,* 424 U.S. at 809, 96 S.Ct. 1236. Indeed, even after *Colorado River* and *San Carlos,* the Globe Equity court has continued to actively "review the actions of the Water Commissioner and to enforce the Decree." *United States v. Gila Valley Irrigation Dist.,* 961 F.2d 1432, 1434 (9th Cir.1992); *see also San Carlos Apache Tribe v. United States,* 417 F.3d 1091, 1098–99 (9th Cir.2005) (rejecting the Tribe's argument

that it may bring a claim under the National Historic Preservation Act alleging that the current implementation of the Decree violates that Act). In fact, the Tribe itself recently sought to enforce rights granted to it in the Decree in the Globe Equity court. *See San Carlos Apache Tribe v. United States,* 272 F.Supp.2d 860, 867 (D.Ariz.2003) ("Plaintiffs allege that there has been a material change in circumstances that justifies modification of the comprehensive management provisions for operating the [San Carlos] Reservoir that are set out in the Gila River Decree."), *aff'd,* 417 F.3d 1091 (2005), and 144 Fed.Appx. 635 (2005) (unpublished opinion).

¶ 10 Nor does *San Carlos* or *Northern Cheyenne Tribe* compel a different result. These cases involve the stay of the embryonic *San Carlos federal litigation,* not the longstanding Globe Equity litigation. The Globe Equity litigation had been under way for almost 60 years before the Ninth Circuit stayed the San Carlos federal litigation in 1983 and has proceeded actively in the almost quarter-century since. Thus, there is simply no warrant for concluding that the Globe Equity court has somehow been deprived by the McCarran Amendment, or by the cases interpreting the Amendment, of the ability to consider attacks on the validity of the 1935 Decree.

## III.

¶ 11 In short, the Tribe's contention that the doctrine of comity is inapplicable because the Globe Equity court lacked the ability to consider the Tribe's attacks on the 1935 Decree is not well-founded. The Tribe's motion for reconsideration is denied.

CONCURRING: RUTH V. McGREGOR, Chief Justice, REBECCA WHITE BERCH, Vice Chief Justice, MICHAEL D. RYAN,

---

4. In *San Carlos,* the Supreme Court consolidated and reversed three decisions of the Ninth Circuit, including its decision in the San Carlos federal litigation. *See* 463 U.S. 545, 103 S.Ct. 3201 (consolidating *San Carlos Apache v. State of Arizona,* 668 F.2d 1093 (9th Cir.1982), *Northern*

*Cheyenne Tribe v. Adsit,* 668 F.2d 1080 (9th Cir. 1982), and *Navajo Nation v. United States,* 668 F.2d 1100 (9th Cir.1982)). On remand, the Ninth Circuit addressed all three cases in its opinion in *Northern Cheyenne Tribe. See* 721 F.2d at 1188.

Justice, and A. JOHN PELANDER, Judge.[5]