**FOREST HILLS UTILITY COMPANY and David R. Pheils, Jr., Plaintiffs-Appellants,**

v.

**CITY OF HEATH, OHIO, et al., Defendants-Appellees.**

No. 75–1310.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 2, 1975.

Decided July 26, 1976.

Charles E. Brant, Glander, Brant, Ledman & Newman, Columbus, Ohio, David R. Pheils, Jr., Toledo, Ohio, for plaintiffs-appellants.

William J. Brown, Atty. Gen. of Ohio, Norman P. Solze, Thomas V. Martin, Joel S. Taylor, David E. Northrop, Charles S. Rawlings, Thomas J. Conaty, Gerald L. Draper, Bricker, Evatt, Barton & Eckler, Columbus, Ohio, for defendants-appellees.

Rudolph Janata, James S. Oliphant, Wright, Harlor, Morris & Arnold, Columbus, Ohio, for defendants-appellees.

Before EDWARDS and ENGEL, Circuit Judges and HARVEY *, District Judge.

ENGEL, Circuit Judge.

Appellant Forest Hills Utility Company and David Pheils, Jr. (Pheils) filed in the district court a thirteen count complaint, naming as defendants the City of Heath, Ohio and 38 individuals. The Complaint was brought under the Civil Rights Acts, 42 U.S.C. §§ 1983, 1985(3) and 1986, and jurisdiction was premised upon 28 U.S.C. §§ 1343(3) and 1331. The complaint charged essentially that the defendants both individually and by conspiracy de-

* The Honorable James Harvey, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

prived plaintiffs of their property interest without due process of law and without payment of just compensation in violation of the Fourteenth Amendment.

According to the complaint, Pheils and his wife owned certain land in Licking County, Ohio which they transferred to a corporation for the purpose of development as a residential area. The area was platted and developed and became known as Forest Hills subdivision. Because the area was unsuitable for septic tanks, plaintiff Forest Hills Utility Company was incorporated to own and operate water and sewage treatment facilities to serve the subdivision. At the time this suit was instituted, the utility company owned and operated the facilities under a certificate of public convenience and necessity from the Public Utilities Commission of Ohio (PUCO).

The counts of the complaint generally alleged a series of incidents having at their root difficulties which developed between plaintiffs and the City of Heath after the Forest Hills subdivision was annexed to the city on February 5, 1968. It was apparently contemplated that transfer of the sewage and water treatment facilities would accompany annexation of the subdivision, but negotiations for the transfer broke down. Although variously expressed in the numerous counts, the thrust of the complaint was that the City of Heath and various city officials, acting maliciously and in concert with the other defendants, endeavored so to disrupt the business of the utility company as to diminish the value of its assets and thus to allow the city to take those assets for less than their real value. Other defendants named in the complaint included officials of PUCO, the Ohio Department of Health, the Ohio Environmental Protection Agency, and other state officials as well as certain residents of the subdivision itself.

The complaint sought broad injunctive, declaratory and damage relief, including a demand by the utility company that the wrongful conduct be deemed a constructive condemnation of the sewage and water treatment facilities, entitling it to just compensation therefor in the sum of $675,000. While Pheils joined with the utility company in seeking personal damages arising out of many of the same incidents, his relationship to the utility company and to the subdivision is unclear. It is especially unclear what property interests Pheils has had in the subdivision and in the utility company during the relevant periods of time covered by the dispute.

With the complaint, plaintiffs filed a motion under Rule 65 Fed.R.Civ.P. for a preliminary injunction prohibiting defendants from taking any further action toward statutorily appropriating the property of Forest Hills Utility Company or from interfering with plaintiffs in the exercise of their civil rights. After the complaint was filed, the City of Heath filed an appropriation proceeding in state court under O.R.C. Chapter 163, seeking to condemn the private property of Forest Hills Utility Company. On February 4, 1975, without acting upon the pending motion to enjoin the state condemnation proceeding, the district judge entered an order abstaining from decision on plaintiffs' action and dismissing the same, and also abstaining from decision on a counterclaim filed by certain of the defendants.[1] These appeals followed.

In his memorandum opinion accompanying the order of dismissal, the district judge was persuaded that abstention was proper for two reasons. First, he suggested that abstention was required because a decision on plaintiffs' claims would involve excessive federal interference with a state regulatory scheme. *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Second, he noted that Ohio courts provided a scheme of relief to which plaintiffs could avail themselves, and that federal interven-

1. Certain of the individual defendants, members of the Ohio Board of Health and officials of the Ohio Environmental Protection Agency, brought a counterclaim against Forest Hills Utility Company. The district court abstained on this counterclaim also, from which a cross-appeal was taken. Pending decision on appeal, the parties entered into an agreement dismissing the cross-appeal, No. 75–1311, and dismissing certain defendants from the main appeal.

tion posed a potential danger of needless conflicts in federal-state relationships.

■ Our court has frequently had occasion in recent years to deal at length with the issue of abstention, see particularly *Garvin v. Rosenau,* 455 F.2d 233 (6th Cir. 1972); *Gay v. Board of Registration Commissioners,* 466 F.2d 879 (6th Cir. 1972) and *Muskegon Theatres v. City of Muskegon,* 507 F.2d 199 (6th Cir. 1974). In *Gay v. Board of Registration Commissioners, supra,* the late Judge William E. Miller spelled out several policy considerations which govern the application of the doctrine of abstention:

> The first of these is the avoidance of a premature constitutional decision by a possible narrowing construction of the state law by a state court. *Lake Carriers' Association v. MacMullan,* 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972); *Harman v. Forssenius,* 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965); *Cf. Zwickler v. Koota,* 389 U.S. 241, 255, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967) (Harlan, J., concurring). A second policy reason underpinning the principle is the avoidance of needless conflict in the federal-state relationship. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). A third consideration is the desirability of avoiding the necessity of a federal court making tentative decisions on issues of state law. *Reetz v. Bozanich,* 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); *Meredith v. Winter Haven,* 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943). A fourth basic reason justifying abstention is the avoidance of unnecessary interference with state functions or regulatory schemes. *Lake Carriers' Association v. MacMullan, supra; Younger v. Harris, supra.*

466 F.2d 879, 883

In *Muskegon Theatres v. City of Muskegon, supra,* the United States District Court for the Western District of Michigan, sua sponte, dismissed a complaint filed by the lessee of a theater in the City of Muskegon which alleged that the defendant City of Muskegon had taken the plaintiff's leasehold interest in the theater without payment of just compensation, further claiming that the City of Muskegon had delayed the filing of state court condemnation proceedings in order to obtain a lower appraisal of the lessee's interest. On appeal the Sixth Circuit ruled that abstention was proper even though the federal question jurisdiction of the court was correctly asserted in the complaint. In doing so, Judge Peck noted that "there is the possibility of a federal question in every taking by eminent domain under state authority". *Muskegon Theatres v. City of Muskegon, supra,* at 205, quoting Nichols, *Law of Eminent Domain* § 4.13(2) (1973). Further, the court noted that eminent domain cases were particularly appropriate for abstention, because the state courts provided an adequate forum for protection of the property owner's rights, and potentially difficult federal constitutional questions might be avoided if the parties were required to press their claims in state court.

■ An examination of the complaint here reveals much that is similar to the allegations involved in the *Muskegon Theatres* case. In particular, the crux of the utility company's complaint is unlawful conduct resulting in a taking of its property without payment of just compensation by the City of Heath. We think that the factors which led the court in *Muskegon Theatres* to uphold abstention are present here in a marked degree.[2] Additionally, the

---

**2.** The practical problems which can occur where, as here, plaintiff files a suit in federal court claiming a taking of his property and subsequent thereto defendant files a condemnation proceeding in state court, were well recognized by the Fifth Circuit in *Creel v. City of Atlanta, Georgia,* 399 F.2d 777 (5th Cir. 1968). There plaintiff filed suit alleging that flights of jet aircraft over his land rendered the property useless and constituted a taking of the property. The defendant City of Atlanta thereafter filed an action in state court to condemn the property. The court noted the problems which could occur if abstention were not required and both suits proceeded to judgment:

> Presumably, should both suits proceed and should plaintiff prevail, he would be entitled

complaint filed here sought sweeping injunctive relief including a prohibition against further interference "in any manner with the Forest Hills Utility Company's beneficial use and enjoyment of its property . . ." The motion for preliminary injunction filed with the complaint sought specifically to enjoin any action filed in state court under O.R.C. § 163.05 to condemn the property in question. Interference with state judicial proceedings is a particularly sensitive area of state-federal relations, *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), and this factor further supports the district court's decision to abstain here. In view of the nature of the claims presented and the nature of the relief sought by plaintiff Forest Hills Utility Company, we conclude the district court did not err in abstaining from decision on its claims.

■ We recognize, of course, that the utility company also sought more generalized damages for the alleged misconduct of the individual defendants, damages which may or may not be recoverable in the state proceedings. Because, however, these claims are so intertwined with and dominated by the condemnation claim, we conclude that the district judge did not err in abstaining from hearing them at this stage. We also conclude, however, that the "better practice", *Muskegon Theatres, supra,* at 205, would have been for the district court to have retained jurisdiction pending the final outcome of the state proceedings, especially where, as here, they may not fully dispose of all of the claims. As we noted in *Muskegon Theatres:*

to an award of damages in both courts, one for the remnant value of his fee simple interest and the other for antecedent damages caused by the flights which had already depressed and virtually destroyed the value of his land. In such event, how could either court properly allocate its award without knowledge of or control over what the other court was doing? It follows that, of necessity and in the very nature of things, all of these issues can be intelligently tried only in

In such instance, the district court, upon state court disposition of appellant's state claims, will be an available forum for the airing of appellant's federal claims (assuming appellant has properly preserved those claims). See *England v. Louisiana State Bd. of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964); *Government & Civic Employees Organizing Comm., CIO v. Windsor,* 353 U.S. 364, 77 S.Ct. 838, 1 L.Ed.2d 894 (1957).

507 F.2d 199, 205

■ The separate claims of plaintiff Pheils, however, present different considerations which persuade us that no useful purpose would be served by abstention. As we read the complaint, it is difficult to see how plaintiff Pheils has any separate claim from that of the utility company in the property which has allegedly been taken by the defendants and which could be adjudicated in the state condemnation proceedings. Instead his claims seem in the main to be for injury to his reputation caused by defendants' acts. While there may be some question as to whether Pheils has a federal cause of action based upon such claims, *cf. Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405, 44 USLW 4337 (decided March 23, 1976), there seems to be little basis for abstaining as to them.

Several of the defendant-appellees have urged that this court rule, as an alternative ground for upholding the district judge's dismissal of the complaint, that as a matter of law the complaint stated no cause of action as to them. Prior to issuance of his order abstaining in the case, the district judge did not rule upon any motions to

a single proceeding, and at least until one court has ruled, the other must abstain. We conclude, therefore, that the District Court, though having jurisdiction of the controversy, should have either abstained from exercising such jurisdiction or at least stayed its hand until it becomes clear and apparent that appellant cannot obtain complete relief in the state condemnation proceedings.

399 F.2d 777, 779 (footnote omitted)

dismiss which may have been filed, and we decline to so rule here.

Accordingly, the judgment of the district court is vacated and remanded for proceedings consistent with this opinion.

So ordered.