**Christina PIATT, Plaintiff-Appellant,**

v.

**LOUISVILLE AND JEFFERSON COUNTY BOARD OF EDUCATION, Defendant-Appellee.**

**No. 76–1559.**

United States Court of Appeals, Sixth Circuit.

Argued April 6, 1977.

Decided June 10, 1977.

Michael J. Curran, Jones & Celebrezze, Louisville, Ky., for plaintiff-appellant.

E. Preston Young, Louisville, Ky., for defendant-appellee.

Before PHILLIPS, Chief Judge, and WEICK and CELEBREZZE, Circuit Judges.*

PHILLIPS, Chief Judge.

Christina Piatt, a school age girl, refused to be vaccinated as required by Kentucky statutes, which require generally that a child seeking to enroll in any school must furnish a certificate of immunization signed by a duly licensed physician. On September 19, 1975, she filed this action by her

* Judge Celebrezze did not participate in the decision in this case.

mother as next friend, challenging the constitutionality of K.R.S. § 158.035[1] and K.R.S. § 214.036.[2] She averred that she refused to be vaccinated because of personal religious beliefs and was being denied an opportunity to attend school in violation of the first amendment and the equal protection clause of the fourteenth amendment. She prayed for declaratory and injunctive relief.

In *Kleid v. Board of Education,* 406 F.Supp. 902 (W.D.Ky. Jan. 26, 1976), a three judge district court held that the statutes involved in the present case do not violate the first amendment and are valid and constitutional enactments.

In the present suit the district judge refused to request the convening of a three judge district court, holding that *Kleid* is dispositive of the first amendment issue. He abstained on the equal protection issue and dismissed the action.

We affirm.

On appeal it is asserted that:

(1) The district judge abused his discretion in not requesting the convening of a three judge court;

(2) The district court erred in abstaining from invoking its jurisdiction; and

(3) The Kentucky statutes violate plaintiff's first amendment rights and deny her the equal protection of the law in violation of the fourteenth amendment.

■ We hold that the district judge did not abuse his discretion in refusing to request the convening of a three judge court in view of the contemporaneous decision of *Kleid* by a three judge court in the same district on January 26, 1976.

■ On the abstention issue, we note that plaintiff has not exhausted remedies available to her in the courts of the Commonwealth. The complaint contains the following summary of State court litigation:

3. That on or about November 12, 1974, the Plaintiff, Christina Piatt, was sent home from school by Sarah Harris, Principal of the Bowen Elementary School, and such action of the said Principal was based upon Section 158.035 of the Kentucky Revised Statutes, which prohibits enrollment in the elementary school without a certification of immunization from a duly licensed physician.

4. Plaintiff was not allowed to return until such time as Plaintiff acquired the necessary certificate of immunization, pursuant to KRS 185.035 [sic]. On November 13, 1974, Plaintiff, through her counsel, contacted the Defendant, Board of Education, and Plaintiff was allowed to continue in school until November 20, 1974, which would allow Plaintiff's counsel to determine Plaintiff's rights without the Plaintiff suffering a deprivation of her education.

1.  **158.035. Certificate of immunization.**
    Except as otherwise provided in KRS 214.036, no child shall be eligible to enroll as a student in any public or private elementary or secondary school without first presenting a certificate from a duly licensed medical or osteopathic physician stating that the child has been immunized against diphtheria, tetanus, poliomyelitis, measles and smallpox in accordance with the provisions of this section and KRS 214.010, 214.020, 214.032 to 214.036 and 214.990 and the regulations of the state board of health. The governing body of private and public schools shall enforce the provisions of this section.

2.  **214.036. Exception to immunization requirement.**
    *Nothing contained in KRS 158.035, 214.010, 214.020, 214.032 to 214.036 and 214.990 shall*

be construed to require the immunization of any child at a time when, in the written opinion of his attending physician, such immunization would be injurious to the child's health. Nor shall KRS 158.035, 214.010, 214.020, 214.032 to 214.036 and 214.990 be construed to require the immunization of any child whose parents are members of a nationally recognized and established church or religious denomination, the teachings of which are opposed to medical immunization against disease, and who object in writing to the immunization of such child on that ground. Provided, however, that in the event of an epidemic in a given area, the department for human resources may, by emergency regulation, require the immunization of all persons within the area of epidemic, against the disease responsible for such epidemic.

5. Plaintiff, by and through her counsel filed a Complaint for declaration of rights and injunction in the Circuit Court of Jefferson County, Kentucky, on November 20, 1974. The injunction restraining the Board of Education from refusing the Plaintiff to attend school was granted on November 27, 1974. On January 15, 1975, the Jefferson Circuit Court entered Judgment adverse to Plaintiff and ordered compliance with KRS 158.035. A restraining order pending appeal was filed on January 29, 1975, and an Order suspending the Judgment pending appeal was entered February 6, 1975. Notice of Appeal to the Kentucky Court of Appeals was filed February 6, 1975, and on April 4, 1975, the Plaintiff filed her Statement of Appeal. The Kentucky Court of Appeals dismissed the Appeal without prejudice on June 24, 1975.

6. That on or about September 5, 1975, the Plaintiff, Christina Piatt and her mother, Patrice Threlkeld, were told by Sarah Harris, Principal of the Bowen Elementary School, that Christina Piatt could not return to school until such time as she would be immunized pursuant to Section 158.035 of the Kentucky Revised Statutes, which prohibits enrollment in the elementary school without a certification of immunization from a duly licensed physician.

7. Plaintiff asserts that she is presently and will be continually denied her right to attend school, and that such denial of attendance works as a deprivation of her rights under the First and Fourteenth Amendments of the Constitution of the United States of America, and Section 158.038 of the Kentucky Revised Statutes.

The district court found as follows:

Plaintiff initiated an action on substantially, if not exactly, the same grounds in the Kentucky state courts in November, 1974. The Judgment in the Jefferson Circuit Court upheld the Statute as it applied to plaintiff. Plaintiff appealed but no decision was reached on the merits at the appellate level, since plaintiff, for reasons not revealed in the record, declined to file briefs before the Kentucky Court of Appeals (now Supreme Court).

We conclude that the district court did not err in abstaining and in refusing to invoke its jurisdiction under the facts of this case. *Huffman v. Pursue,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Louisville Area Inter-Faith Committee v. Nottingham Liquors,* 542 F.2d 652 (6th Cir. 1976); *Forest Hills Utility Co. v. City of Heath,* 539 F.2d 592 (6th Cir. 1976).

Affirmed.