**Jarek MOLSKI, et al., Plaintiffs,**

v.

**KAHN WINERY and A.K. Cellars, LLC, Defendants.**

**No. CV 04–347 ER (RZx).**

United States District Court, C.D. California.

Aug. 9, 2005.

Thomas E. Frankovich, Thomas E. Frankovich Law Offices, San Francisco, CA, for Plaintiffs.

---

**17.** Docket No. 25.

Michael S. Fauver, Hatch & Parent, Santa Barbara, CA, for Defendants.

## ORDER DISMISSING DREES ADA CLAIM FOR LACK OF STANDING AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS

RAFEEDIE, Senior District Judge.

The Court ordered Plaintiffs to show cause why the federal ADA claim of Disability Rights Enforcement, Education Services: Helping You Help Others (DREES) should not be dismissed for lack of standing and why the Court should not decline to exercise supplemental jurisdiction over all of Plaintiffs' state law claims, based on the principles announced by the Court in *Molski v. Mandarin Touch*, 359 F.Supp.2d 924 (C.D.Cal.2005). After considering Plaintiffs' response to the Court's order to show cause, the Court has come to the following conclusions.

The federal ADA claim of Plaintiff Disability Rights Enforcement, Education Services: Helping You Help Others (DREES) is dismissed for lack of standing.

The Second Cause of Action for violation of California Civil Code §§ 54, 54.1 and 54.3; the Third Cause of Action for violation of California Health & Safety Code § 19955, et seq.; the Fourth Cause of Action for violation of the California Unruh Civil Rights Act; and the Fifth Cause of Action for violating California Business and Professions Code § 17200, et seq. are dismissed because the Court declines to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C § 1367(c)(1),(2) and (4).

## I. DREES' STANDING

Generally, an organization may have standing to sue on behalf of its members if (1) its members would otherwise have standing to sue in their own right, (2) the interests it seeks to protect are germane to the organization's purpose, and (3) the participation of individual members in the lawsuit is not required. *Hunt v. Washington Apple Adver. Comm'n*, 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). When an organizational plaintiff's standing is based on the standing of one of its members, who is also an individual plaintiff in the case, a number of concerns related to the organization's standing are raised. First, when the individual plaintiff's standing is in question, the required participation of the individual plaintiff in the litigation means that *Hunt's* third requirement is not satisfied. *See Disabled in Action of Metropolitan New York v. Trump Int'l Hotel & Tower*, No. 01 Civ. 5518, 2003 U.S. Dist. LEXIS 5145, at *32–33, 2003 WL 1751785, at *10 (S.D.N.Y. April 2, 2003) (dismissing organizational plaintiff for lack of standing on this ground). Furthermore, prudential standing doctrines suggest that the individual plaintiff is in the best position to litigate his own claims. *See Access 123, Inc. v. Markey's Lobster Pool, Inc.*, No. Civ. 00–382–JD, 2001 U.S. Dist. LEXIS 12036, at *9–12, 2001 WL 920051, at *4 (D.N.H. Aug.14, 2001) (dismissing organizational plaintiff for lack of standing on these grounds). The Court dismissed DREES' ADA claims in *Molski v. Mandarin Touch* and *Jankey v. Yan Chow* for lack of standing based on these concerns. *Mandarin Touch*, 359 F.Supp.2d at 935–36. The Court concludes that at a minimum the prudential concerns are present in this case. As the Court stated in *Mandarin Touch*, "DREES is added as a plaintiff to lend an aura of legitimacy to this predatory litigation as part of the strategy to encourage settlement." *Id.* at 935. Despite Plaintiffs' representation to the contrary in its response to the Court's order to show cause, it is clear from the complaint that DREES is seeking the same

relief as Plaintiff Molski. Molski, however, is in the best position to assert his own claims. For this reason, the Court concludes that DREES lacks standing to pursue the federal ADA claim and DREES' ADA claim is therefore dismissed.

## II. SUPPLEMENTAL JURISDICTION

■ Federal courts may decline to exercise supplemental jurisdiction over claims in the following circumstances:

> (1) if the claim raises a novel or complex issue of state law, (2) if the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) if the district court has dismissed all claims over which it has original jurisdiction, or (4) if in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Since the Court declined to exercise supplemental jurisdiction over the plaintiffs' state law claims in *Molski v. Mandarin Touch* and *Jankey v. Yang Chow*, at least two other judges have come to the same conclusion and have declined to exercise supplemental jurisdiction over identical state law claims brought by Plaintiff Molski in two other cases. *See Molski v. EOS Estate Winery*, No. CV 03–5880–GAF (C.D. Cal. filed Jul. 14, 2005); *Molski v. Hitching Post I Restaurant, Inc.*, No. CV 04–1077 SVW (RNBx) (C.D. Cal. filed May 25, 2005). Molski brings the exact same state law claims in this case. Because these state law claims raise novel issues of state law and because the state law claims substantially predominate over the federal ADA claim, the Court may properly decline to exercise supplemental jurisdiction over these claims under § 1367(c)(1) and (2). *Mandarin Touch*, 359 F.Supp.2d at 936–37; *EOS Estate Winery*, slip op. at 5–6; *Hitching Post I*, slip op. at 15–17.

Indeed, the manner in which Molski has pursued his lawsuits demonstrates not only that the state law claims predominate, but that his strategy of pursuing supplemental state law claims hinders the goal of the federal ADA, namely, the quick remediation of structural barriers. If Molski were bringing only a federal claim for injunctive relief, he could pursue a court order for immediate remedial measures, thus achieving the ADA's goal of equal access. Instead, Plaintiffs' state law claims delay remedial measures because Plaintiffs contend that they need to preserve evidence of the alleged violations to support their state law damage claims. The Court takes judicial notice of what appears to be a form letter sent by Plaintiffs' counsel to the defendants in the *Mandarin Touch* case, a copy of which is attached to this order. In this letter, Plaintiffs' attorney threatened the defendants with an action for spoliation of evidence if they took further remedial measures. This is clearly contrary to the goal of the ADA, and is further evidence that Plaintiffs are more interested in pursuing the state law claims for money damages than the injunctive relief permitted under the federal ADA.

Furthermore, as Judge Feess and Judge Wilson have pointed out, Plaintiff Molski's litigation history also shows that he is clearly involved in forum shopping, which provides another compelling reason to decline to exercise supplemental jurisdiction over his state law claims under § 1367(c)(4). *EOS Estate Winery*, slip op. at 7–9; *Hitching Post I*, slip op. at 17–18; *see also Hanna v. Plumer*, 380 U.S. 460, 467–68, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 n. 5 (9th Cir.1998).

Finally, the Court should consider whether declining to exercise jurisdiction serves the principles of economy, conven-

ience, fairness and comity. *City of Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 172–73, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997); *Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1001 (9th Cir.1997). Although principles of economy and convenience may not be fully served if the federal claim remains, the principle of comity strongly favors dismissing the state law claims. *See Executive Software N. Am., Inc. v. United States Court for the Central District of Cal.,* 24 F.3d 1545, 1553 (9th Cir. 1994) ("When novel issues of state law are presented, though, considerations of judicial economy are not determinative.")(quoting *Gingerich v. White Pigeon Cmty. Schs.,* 736 F.Supp. 147, 149–51 (W.D.Mich.1990)). As Judge Feess noted, "[s]ince it is apparent from Molski's track record that his federal claim is the least important of his causes of action, comity dictates that this Court consider his forum shopping tactics in determining whether to exercise its discretion to dismiss the supplemental claims." *EOS Estate Winery,* slip op. at 9. The California courts should be given the opportunity to interpret California law in this area, and this Court should discourage forum shopping through Plaintiffs' attempted bootstrapping of several predominating state law claims to the single federal claim. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and these claims are dismissed.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail or by telefax or by email, copies of this Order on counsel for the parties in this matter.